# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT OF THE 2nd JUDICIAL DISTRICT, DENVER COUNTY DISTRICT COURT, STATE OF COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, CO 80202<br><br>Phone Number: (720)865-8301 | DATE FILED: April 11, 2024 2:39 PM<br>FILING ID: 413109CD5776C<br>CASE NUMBER: 2024CV31108 |
| Plaintiff:<br><br>**JASMINE TORRES**<br><br>v.<br><br>Defendants:<br><br>**LYFT, INC., and TEMITOPE GABRIEL AHEREBE** | ▲ Court Use Only ▲ |
| Plaintiff's Attorney:<br><br>Britt A. Holtz, Atty. Reg. #49051<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop Street, Suite 120<br>Denver, Colorado 80202<br>Telephone: (303) 563-5354<br>Facsimile: (303) 563-5351<br>E-mail: bh@zanerhardenlaw.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Jasmine Torres, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff, Jasmine Torres (hereinafter "Plaintiff"), resided in Adams County, Colorado.

2. Upon information and belief, at all times relevant to this action, Defendant Lyft, Inc. (hereinafter "Lyft") was and is a foreign corporation, authorized to conduct business in the State of Colorado, including Denver County, with its principal place of business located at 185 Berry Street, Suite 5000, San Francisco, California, 94107.

3. Lyft can be served with process via its registered agent, CT Corporation System, located at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

4. Upon information and belief, at all times relevant to this action, Defendant Temitope Gabriel Aherebe (hereinafter "Aherebe") resided in Arapahoe County, Colorado. Upon information and belief, Aherebe is now a resident of Maricopa County, Arizona.

5. Upon information and belief, on January 25, 2022, and at all times relevant hereto, Aherebe was an employee and/or agent of Lyft and was acting in his capacity as such.

6. This action arises out of a rear-end collision that occurred at or about the intersection of Sheridan Boulevard and West 52nd Avenue in the City and County of Denver, State of Colorado.

7. Venue is proper in Denver County District Court pursuant to C.R.C.P. 98(c).

**FACTUAL ALLEGATIONS**

8. On January 25, 2022, at approximately 10:00 a.m., Plaintiff and Aherebe were involved in a rear-end collision at or about the intersection of Sheridan Boulevard and West 52nd Avenue in the City and County of Denver, State of Colorado.

9. At the time of the collision, Plaintiff was the restrained driver of a Ford Explorer (hereinafter the "Ford"), traveling northbound on Sheridan Boulevard, for in traffic at a red light for the intersection of West 52nd Avenue.

10. Upon information and belief, Aherebe was the driver of a Mercedes C300 (hereinafter the "Mercedes"), traveling northbound on Sheridan Boulevard, directly behind Plaintiff's Ford.

11. Prior to the time of the collision, it had snowed and the roads were snow packed and slick.

12. As Aherebe drove the Mercedes north on Sheridan Boulevard, he became distracted, failed to keep a proper lookout for other vehicles, and failed to allow a safe distance between his vehicle and the vehicles in front of him.

13. As a result of Aherebe's above mentioned acts and/or omissions, he drove the front of the Mercedes directly into the rear of Plaintiff's Ford.

14. When Aherebe failed to keep a proper lookout and caused the aforementioned collision, he drove in a careless and imprudent manner and failed to take into account the safety of others, particularly that of the Plaintiff.

15. As a result of Aherebe causing the collision, Plaintiff sustained significant physical injuries, including but not limited to, injuries to her cervical and lumbar spines and SI Joints, as well as other physical injuries.

16. As a result of her collision related-injuries, Plaintiff has undergone significant medical treatment, including emergency medical treatment, doctor's visits, radiologic exams, multiple epidural

steroid injections to treat multiple disc herniations, and has been recommended for multiple surgical procedures.

17. To date, Plaintiff has incurred in excess of $37,000.00 in collision related medical expenses and has been recommended for future medical care in excess of $700,000.00.

18. Plaintiff was not comparatively negligent and did not cause the aforementioned collision.

19. Upon information and belief, at the time of the aforementioned collision, Aherebe was providing services as a driver for Lyft.

20. Lyft is regulated in Colorado by the Colorado Public Utilities Commission.

21. Lyft is a Transportation Network Company, as defined in C.R.S. § 40.10.1-602(3).

22. At the time of the collision, Aherebe was using the Lyft application of his cell phone to transport a "prearranged ride" as defined in C.R.S. § 40.10.1-602.

23. At the time of the collision, Aherebe was acting in his capacity as an agent and/or employee of Lyft.

24. Upon information and belief, Lyft provides monetary incentives to drivers using its transportation network platform that included higher gross payouts and revenue for drivers that meet or exceed a set number of paid rider transactions per week.

25. Upon information and belief, Lyft expects its drivers to accept all incoming requests from prospective riders unless the driver is in the process of transporting another rider at the time of a request.

26. Upon information and belief, Lyft maintains full control of the Lyft application that matches drivers to prospective riders.

27. Upon information and belief, Lyft drivers are required to agree to Lyft's terms of service prior to being able to utilize the Lyft platform.

28. Upon information and belief, Lyft fully controls the prices for each ride and drivers are prohibited from requesting compensation outside of prearranged fee on the Lyft platform and any gratuity a rider may provide to a driver.

29. Lyft processes all payments made on the platform through a third-party vendor and takes an "administrative fee" for drivers' use of the transportation network.

30. At the time of the collision, Aherebe was driving under the control and direction of

Lyft and furthering the business interests of Lyft.

31. As a direct and proximate result of the above described-incident, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

32. As a direct and proximate result of the above described-incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

33. As a direct and proximate result of the above described-incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF
**Negligence – Aherebe**

34. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 33 of this Complaint, as if set forth *verbatim*.

35. Aherebe owed Plaintiff a duty to use reasonable care in his operation of the Mercedes.

36. When Aherebe drove distracted and failed to keep a proper lookout, thereby causing the rear-end collision between the Mercedes and Plaintiff's Ford, he breached the above referenced duty.

37. Aherebe also breached the above referenced duty without limitation, in the following ways:

a. Failing to keep a proper lookout;
b. Failing to maintain a safe distance from other vehicles;
c. Driving Carelessly; and
d. Driving while distracted.

38. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by the Plaintiff.

39. As a result of Aherebe's breaches of the aforementioned duty, Plaintiff sustained injuries, damages, and losses, as described above.

## SECOND CLAIM FOR RELIEF
**Negligence Per Se – Aherebe**

40. Plaintiff incorporates herein by this reference the allegations set forth with specificity

in Paragraphs 1 through 39 of this Complaint, as if set forth *verbatim*.

41. When Aherebe operated the Mercedes in such a manner as to cause the collision between the Mercedes and Plaintiff's Ford, he was in violation of applicable municipal ordinances and Colorado statutes including, but not limited to:

a. C.R.S. § 42-4-1008, Following too Closely;
b. C.R.S. § 42-4-1402, Careless Driving; and
c. C.R.S. § 42-4-1402(a), Careless Driving Causing Bodily Injury.

42. Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

43. The incident herein above described and the injuries and damages that the Plaintiff suffered as a result of that incident are the kind of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

44. Aherebe's violations of the above-mentioned statutes constitutes negligence *per se*.

45. As a direct and proximate result of Aherebe's violations of the above-mentioned statutes, Plaintiff has sustained injuries, damages, and losses, as described above.

**THIRD CLAIM FOR RELIEF**
**Vicarious Liability/Respondeat Superior**
**Lyft**

46. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 45 of this Complaint, as if set forth *verbatim*.

47. Upon information and belief, at or about the aforementioned date and time of the incident, Aherebe an agent and/or employee of Lyft.

48. Upon information and belief, at or about the aforementioned date and time of the collision, Aherebe was acting within the course and scope of his agency and/or employment with Lyft.

40. At or about the aforementioned date and time of the collision, the acts and/or omissions of Aherebe are by law deemed to be the acts and/or omissions of Lyft.

**JURY REQUEST**

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, Jasmine Torres, prays for judgment against Defendants, Lyft, Inc. and Temitope Gabriel Aherebe, in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre and post-judgment interest, and

such other further relief as the Court may deem appropriate, just and proper.

Respectfully submitted this 11th day of April, 2024.

ZANER HARDEN LAW, LLP

*/S/Britt A. Holtz*
Britt A. Holtz
*Attorney for Plaintiff*

Plaintiff's Address:

3611 Pontiac Street
Denver, CO 80207